FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  SEP 19 2012  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HUGH G. SMITH,

                      Plaintiff,

      -against-

COUNTY OF NASSAU, MICHAEL SPOSATO,
Sheriff of Nassau County,

                      Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER
12-CV-4344 (SJF)(GRB)

FEUERSTEIN, District Judge:

On August 24, 2012, incarcerated pro se plaintiff Hugh G. Smith ("plaintiff")[1] commenced this action pursuant to 42 U.S.C. § 1983 against the County of Nassau and Michael Sposato, Sheriff of Nassau County and filed an application to proceed in forma pauperis. Plaintiff also filed an application for the appointment of pro bono counsel. Upon review of the declaration accompanying plaintiff's application, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. Further, although the allegations in plaintiff's complaint are thin, sua sponte dismissal is not

---

[1] The Court notes that plaintiff has included a two page attachment to his complaint that lists the names, prison identification numbers and locations within the Nassau County jail of an additional forty-eight (48) inmates. However, the complaint is signed by plaintiff alone. It appears that plaintiff seeks to commence this case as a class action on behalf of those other inmates. Given his pro se status, plaintiff is without authority to litigate claims on behalf of anyone other than himself. See, e.g., Moore v. T-Mobile USA, Inc., No. 10-CV-527 (SLT)(CLP), 2011 WL 609818, at *6 (E.D.N.Y. Feb. 15, 2011) ("[Plaintiff] cannot convert this case into a class action because he is proceeding pro se, and a pro se litigant cannot represent anyone other than himself or herself.") (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

1

warranted given the Court's duty to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court has also considered plaintiff's application for the appointment of pro bono counsel and denies it without prejudice and with leave to renew the application when this case is ready for trial, if so warranted at that time.

I. DISCUSSION

A. In Forma Pauperis Application

Plaintiff's financial status, as set forth in the declaration in support of his application to proceed in forma pauperis, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted.

B. Pro Bono Counsel Application

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." District courts possess substantial discretion in determining whether to appoint counsel for civil litigants. Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003).

When deciding whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("Counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) ("In deciding whether to appoint counsel . . . , the district judge should first determine whether the indigent's position seems likely to be of

substance").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 ("Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute."). However, the above factors are not exclusive, and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Upon careful review of plaintiff's complaint and application for the appointment of pro bono counsel, the Court concludes that the appointment of counsel is not warranted at this stage of the litigation, because, inter alia: (1) plaintiff has adequately and competently set forth his claims in his complaint; (2) the legal issues presented in this case do not appear to be particularly complex; and (3) there is no other special reason to appoint counsel at this time. Plaintiff may renew his application for the appointment of counsel when this case is ready for trial.

II. CONCLUSION

For the reasons set forth above, plaintiff's motion for the appointment of pro bono counsel is denied without prejudice and with leave to renew when the case is ready for trial; and

it is further,

ORDERED that plaintiff's application to proceed in forma pauperis is granted; and it is further,

ORDERED that the Clerk of the Court shall cause the United States Marshal Service to serve copies of the summons, complaint and this Order upon the defendants without prepayment of fees, and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including by mailing a copy of the Order to the pro se plaintiff at his last known address pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962)

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: September 19, 2012
Central Islip, New York