FILED
US DISTRICT COURT E.D.N.Y.
★ MAY 30 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
HUGH G. SMITH, et al.,

              Plaintiffs,

   -against-

COUNTY OF NASSAU and MICHAEL SPOSATO,
Sheriff of Nassau County,

              Defendants.
----------------------------------------------------X

**ORDER**
12-CV-4344 (SJF)(GRB)

FEUERSTEIN, District Judge

On September 14, 2012, thirty-nine (39) incarcerated pro se plaintiffs, who are inmates at the Nassau County Correctional Center, filed an amended complaint, alleging that defendants Nassau County and Sheriff Michael Sposato have violated their constitutional rights by denying them certain accommodations regarding their religious practices. (Doc. No. 7).

Mail sent by the Court to the following thirty-three (33) plaintiffs has recently been returned to the Court as undeliverable: Joshua Salmal (Doc. No. 158); Richard Pierre (Doc. No. 159); Brian Spann (Doc. No. 160); Ramel Williams (Doc. No. 161); Emania Shepard (Doc. No. 162); Bashir Ward (Doc. No. 163); Levaughn Tingle (Doc. No. 164); Leroy Nelson (Doc. No. 165); Julio Cruz (Doc. No. 166); James Merriweather (Doc. No. 167); Corey Middletown (Doc. No. 168); Loucius Griffin (Doc. No. 169); Raymond Cagiano (Doc. No. 170); Joseph Louis (Doc. No. 171); Laurence Gregory (Doc. No. 172); Felix Burgos (Doc. No. 173); James McGuire (Doc. No. 174); William Wade (Doc. No. 175); Kaisen Watkins (Doc. No. 176); Anthony Trimble (Doc. No. 177); Bryan Smith (Doc. No. 178); Devon McCrimmon (Doc. No. 179); Michael Benitez (Doc. No. 180); Derrick Harden (Doc. No. 181); Terrell Lee ((Doc. No. 182); Bernard Sullivan (Doc. No. 183); Lemony Storel (Doc. No. 184); Jerod Plowdew (Doc. No. 185); Robert Cochran (Doc. No. 186); Steven Bowens (Doc. No. 187); Mohamed Tawfik (Doc. No. 188); Damon Banner (Doc. No. 189); and Kasim Taylor (Doc. No. 191). None of

those plaintiffs have notified the Court of a change of address or otherwise provided updated contact information to the Court.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" *Alomar v. Recard*, No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting *Handlin v. Garvey*, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); *see also Hayes v. Shield*, No. 11 Civ. 3714, 2012 WL 3114843, at *1 (S.D.N.Y. July 5, 2012), *report and recommendation adopted by* 2012 WL 3115798 (S.D.N.Y. Aug. 1, 2012); *Ackridge v. Martinez*, No. 09 Civ. 10400, 2011 WL 5865265, at *3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). The above-named plaintiffs cannot proceed with their claims unless the Court is able to contact them to, *inter alia*, serve orders and schedule trial. *See, e.g. United States ex rel. Roundtree v. Health & Hosps. Police Dep't of N.Y.*, No. 06 Civ. 212, 2007 WL 1428428, at *1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); *Austin v. Lynch*, No. 10 Civ. 7534, 2011 WL 5924378, at *2 (S.D.N.Y. Nov. 29, 2011), *report and recommendation adopted by* 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached."); *Coleman v. Doe*, No. 05-cv-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." *Bernard v. Romen*, No. 11 cv 6346, 2012 WL 6594622, at *2 (E.D.N.Y. Oct. 15, 2012), *report and recommendation adopted by* 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012).

Accordingly, **on or before June 16, 2014**, Joshua Salmal, Richard Pierre, Brian Spann, Ramel Williams, Emania Shepard, Bashir Ward, Levaughn Tingle, Leroy Nelson, Julio Cruz, James Merriweather, Corey Middletown, Loucius Griffin, Raymond Cagiano, Joseph Louis,

Laurence Gregory, Felix Burgos, James McGuire, William Wade, Kaisen Watkins, Anthony Trimble, Bryan Smith, Devon McCrimmon, Michael Benitez, Derrick Harden, Terrell Lee, Bernard Sullivan, Lemony Storel, Jerod Plowdew, Robert Cochran, Steven Bowens, Mohamed Tawfik, Damon Banner, and Kasim Taylor must each serve and file an affidavit providing the Court with a new address and telephone number at which he can be contacted.

**THE ABOVE-REFERENCED PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THAT PLAINTIFF'S CLAIMS BEING DISMISSED IN THEIR ENTIRETY <u>WITH PREJUDICE</u> PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties to this action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**                              s/ Sandra J. Feuerstein

                                                                Sandra J. Feuerstein
                                                                United States District Judge

Dated: May 30, 2014
       Central Islip, New York